CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
July 15, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:17CR00029 |
| | ) Case No. 1:17CR00036 |
| v. | ) **OPINION** |
| **DWIGHT L. BAILEY,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Sally J. Sullivan*, Assistant United States Attorney, Charlottesville, Virginia, for United States; *Erin Trodden*, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.

The court considers whether to reduce the defendant's sentence under the retroactive "zero-offense" provision of Part B of Amendment 821 to the United States Sentencing Guidelines Manual. A disputed issue is whether death or serious injury was the result of the distribution of controlled substances by the defendant, a physician, thus making him ineligible for reduction. For the following reasons, I find that the guidelines require a "but-for" test and that under the available evidence no such connection between the defendant's criminal conduct and death or serious injury is shown. Considering the relevant factors under 18 U.S.C. § 3553(a), I will reduce the defendant's sentence.

I.

Defendant Dwight L. Bailey was a primary care physician who from 1993 to 2014 owned a medical practice in Lebanon, Virginia. During the course of its operation, the practice employed laboratory and office staff, nurses, and nurse practitioners. The practice treated patients for a wide variety of ailments, including pain management. In 2006, Bailey started a drug treatment program within the practice, in which he utilized Suboxone (buprenorphine and naloxone) to treat individuals who suffered from opioid addiction. Bailey's practice ended in 2014, when the Virginia Board of Medicine suspended his medical license.

Bailey was indicted by a grand jury in this court in case number 1:17CR00029 on September 26, 2017. Three of the five counts in that Indictment were later dismissed without prejudice on the government's motion. He was indicted in case number 1:17CR00036 on November 28, 2017, and the two Indictments were joined for trial. After a eleven-day trial beginning on July 16, 2018, the jury returned a verdict convicting Bailey of all counts. Those counts were as follows:

- Case number 1:17CR00029, Count Two. Distributing Suboxone, a Schedule III controlled substance, without a legitimate medical purpose and beyond the bounds of medical practice, to Patient #1 (also referred to as "WC"), on October 4, 2012, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E);

- Case number 1:17CR00029, Count Three. Distributing Suboxone, a Schedule III controlled substance, without a legitimate medical purpose and beyond the bounds of medical practice, to Patient #1 ("WC"), on November 5, 2012, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E);

- Case number 1:17CR00036, Count One. Conspiring to distribute Roxicodone (oxycodone), Dilaudid (hydromorphone), Opana ER (oxymorphone), and Percocet (acetaminophen and oxycodone), all Schedule II controlled substances, without a legitimate medical purpose and beyond the bounds of medical practice, to individuals "AC," "CM," "JP," "JT," "RC," and "TP," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846;

- Case number 1:17CR00036, Count Two. Conspiring to distribute Lortab (hydrocodone and acetaminophen), Norco (hydrocodone and acetaminophen), and Suboxone, all Schedule III controlled substances, without a legitimate medical purpose and beyond the bounds of medical practice, to individuals "CM," "JT," "TP," and "WC," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E), 846;

- Case number 1:17CR00036, Count Three. Conspiring to distribute Ambien (zolpidem), Klonopin (clonazepam), Xanax (alprazolam), Valium (diazepam), and Restoril (temazepam), all Schedule IV controlled substances, without a legitimate medical purpose and beyond the bounds of medical practice, to individuals "AC," "CM," "JP," "JT," "RC," and "TP," in violation of 21 U.S.C. §§ 841(a)(1), (b)(2), 846;

- Case number 1:17CR00036, Counts Four through Twenty-Seven. As a principal or aider and abettor, distributing Schedule II controlled substances, Percocet and Roxicodone, without a legitimate medical purpose and beyond the bounds of medical practice, to individuals "CM" and "JP," all in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(C);

- Case number 1:17CR00036, Count Twenty-Eight. As a principal or aider and abettor, distributing a Schedule III controlled substance, Norco, without a legitimate medical purpose and beyond the bounds of medical practice, to individual "CM," all in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(E);

- Case number 1:17CR00036, Counts Twenty-Nine through Sixty. As a principal or aider and abettor, distributing Schedule IV controlled

- substances, Klonopin, Ambien, Diazepam, and Restoril, without a legitimate medical purpose and beyond the bounds of medical practice, to individuals "CM" and "JP," all in violation of 21 U.S.C. § 841(a)(1), (b)(2); and

- Case number 1:17CR00036, Count Sixty-One. As a principal or aider and abettor, knowingly and intentionally maintaining a place for the purpose of unlawfully distributing controlled substances, all in violation of 18 U.S.C. § 2 and 21 U.S.C. § 856(1).

Bailey was sentenced on February 8, 2019, in both cases in a single judgment. The court accepted the sentencing guidelines calculations contained in the probation office's final Presentence Investigation Report dated January 31, 2019, ECF No. 126,[1] of a Criminal History Category of I, based on a total criminal history score of zero, meaning that he had no prior criminal convictions. *Id.* at ¶¶ 192–95. In conjunction with a Total Offense Level of 34, the defendant's sentencing range was 151 to 188 months. The government sought an upward variance to 240 months, based in part on fatal overdoses suffered by patients "caused at least in part" by the prescribed medications. Mot. Sent'g Variance 1, ECF No. 125.

Bailey was sentenced in the low end of the calculated range to a total term of 151 months' imprisonment, with the terms of each count to run concurrently. He did not appeal but later filed a pro se motion under 28 U.S.C. § 2255, which was denied. *United States v. Bailey,* Nos. 1:17CR00029, 1:17CR00036, 2020 WL

---

[1] ECF numbers herein refer to Case No. 1:17CR00029.

1934970 (W.D. Va. Apr. 22, 2020), *appeal dismissed*, 840 F. App'x 762 (4th Cir. 2021) (unpublished).

Bailey has a projected release date from prison of December 1, 2028. Following his release, he must serve a two-year term of supervision.

As a result of the application of Part B of the Amendment, the defendant asserts that his scoring is now revised to a sentencing range of 121 to 151 months' incarceration.  A comparable reduction to his original sentence under the Amendment would be to 121 months, representing the low end of the reduced range. Resp. 5, ECF No. 175.

The government argues that the court's consideration of evidence is limited to factual findings made at trial.  The defendant contends that because the zero-point provision of the Amendment references the term "offense" rather than "offense of conviction" (a term used elsewhere), the court may consider a wider range of evidence.  Ultimately, however, whether these arguments are correct need not be determined because I find that there is sufficient evidence in the present record to support the defendant's eligibility for a reduction in sentence.

II.

A defendant is eligible for a reduction under Part B of the Amendment where "the offense did not result in death or serious bodily injury." U.S. Sent'g Guidelines Manual § 4C1.1(a)(4) (U.S. Sent'g Comm'n 2023).  The government's interpretation

of "result in" indicates that any contribution on the part of the defendant to the death or serious bodily injury of another would be a sufficient basis upon which to deny relief under the Amendment. However, in *Burrage v. United States*, 571 U.S. 204, 210–213 (2014), the Supreme Court held that similar language did not mean mere causal contribution, but rather meant that the offense at issue was the but-for cause of the death or serious bodily injury.

At the original sentencing, I found that the defendant "caused people real harm" within the context of fatal and non-fatal overdoses. Sent'g Tr. 61, ECF No. 141. "The defendant's behavior contributed to the deaths of" several patients and "caused non-fatal overdoses" in other patients. *Id*. at 41. However, I did not make an explicit finding that the defendant's conduct was the but-for cause of various overdoses. The government acknowledges this in their briefing, noting that the fatal overdoses were "caused, *at least in part*, by medications [Bailey] illegally prescribed." Reply Supp. Opp'n 3, ECF No. 176 (emphasis added).

*Burrage* counsels that such findings provide an insufficient basis upon which to conclude that the defendant is ineligible for relief. 571 U.S. at 210–213. Under *Burrage*, which interpreted language similar to the text of the Amendment, the cause of death or serious bodily harm means that the offense is the but-for cause of death or harm, not merely proximate cause. *Id*. The government points to no evidence in the record indicating that there is sufficient evidence to conclude that the defendant's

conduct was the but-for cause of the overdoses in this case. Because the but-for requirement of *Burrage* is not satisfied, I must find that the defendant is eligible for a reduction.

III.

After consideration of the § 3553(a) factors, I will exercise my discretion to grant a reduction in the defendant's sentence. At the defendant's sentencing, I noted the serious nature of his crimes and the necessity of just punishment. Sent'g Tr. 60–61, ECF No. 141. However, I also noted that he was in his advanced middle age at sentencing and "ha[d] given up his medical practice and thus [could not] be a perceived threat in the future." *Id*. at 56. Additionally, the defendant and his staff purported to act in good faith by consulting with pain experts as they prescribed pain medications to patients. *Id*.

The defendant is now 71 years old. His age and lack of future medical practice counsel that when he is released, he will not represent a threat to his community. His significant charitable works prior to his conviction demonstrate that as well. Moreover, the defendant recently had surgery for a serious condition, further indicating that he will not be a threat to his community when released. A sentence reduction will not impede the goals of deterrence and just punishment given the lengthy nature of the defendant's sentence even as reduced.

IV.

Considering the foregoing, I will grant the defendant relief under Amendment 821 and reduce his sentence to 121 months, but not less than time served. A separate order will be entered herewith.

DATED: July 15, 2024

/s/  JAMES P. JONES
Senior United States District Judge